United States District Court
Southern District of Texas
**ENTERED**
February 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HYDROKINETICS, LLC,                    §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §      CIVIL ACTION NO. H-17-0318
                                       §
JAMES FRENCH and HYDROCHEM,            §
LLC,                                   §
                                       §
            Defendants.                §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Hydrokinetics, LLC's ("Hydrokinetics") Motion to Remand ("Motion to Remand") (Docket Entry No. 3).  Hydrokinetics argues that its joinder of a non-diverse party subsequent to removal deprives this court of subject-matter jurisdiction.  Defendants James French and Hydrochem, LLC ("Hydrochem") (collectively, "Defendants") argue that Hydrochem was fraudulently joined.  For the reasons stated below, the Motion to Remand will be granted.

### I.  Factual and Procedural Background

Hydrokinetics alleges that French worked as a Hydroblasting Division Manager for the company from December 7, 2015, to November 28, 2016.[1]  As part of the hiring process, French signed a Confidentiality and Non-Disclosure Agreement ("the Agreement").

---

[1]The following facts are presented as alleged in Plaintiff Hydrokinetics, LLC's Verified First Amended Complaint ("Plaintiff's Amended Complaint") (Docket Entry No. 2) unless otherwise stated.

French agreed not to communicate with, do business with, or otherwise engage Hydrokinetics' customers for one year after terminating his employment with the company. Hydrokinetics is a Texas-based company that does business in Texas and elsewhere in the southern region of the United States. French was a Texas resident when he was hired by Hydrokinetics.[2]

After leaving Hydrokinetics, French went to work for a competitor, Hydrochem. Hydrochem is a limited liability company organized under Delaware law with its principal place of business in Texas. In early January of 2017 Hydrokinetics discovered that French had been in contact with one of its customers. Believing that French was in violation of the Agreement, Hydrokinetics sued French in the 55th Judicial District Court of Harris County, Texas, ("the State Court") on January 25, 2017.[3] The State Court granted Hydrokinetics a temporary restraining order (TRO) set to expire after a temporary injunction hearing on February 6.[4]

On February 1 French, now a resident of Oklahoma, removed the action to this court, asserting the court's diversity jurisdiction.

---

[2]Plaintiff Hydrokinetics, LLC's Reply Brief in Support of Its Motion to Remand ("Plaintiff's Reply"), Docket Entry No. 8, p. 8.

[3]See Plaintiff Hydrokinetics, LLC's Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction ("Original Petition"), Exhibit B to Defendant James French's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3.

[4]See Temporary Restraining Order, Exhibit E to Defendant James French's Notice of Removal, Docket Entry No. 1-6.

On February 2 Hydrokinetics deposed French and learned that Hydrochem intended to have French continue to do work for Hydrokinetics' customers once the TRO expired.[5]  On February 6 Hydrokinetics filed its Amended Complaint, adding Hydrochem as a defendant.  Also on February 6 Hydrokinetics moved to remand the action to State Court, citing a lack of complete diversity.

The court held a hearing on February 15 to discuss the issue of subject-matter jurisdiction.  At that hearing the court adopted the State Court TRO and extended it until February 22.  The court also ordered further briefing on the issue of remand, specifically instructing the parties to brief the court on the factors set forth by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), concerning joinder of non-diverse parties after removal.

## II.  **Legal Standard**

An amendment that would add a "new nondiverse defendant in a removed case" should be scrutinized "more closely than an ordinary amendment."  Hensgens, 833 F.2d at 1182.  28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Because "the court's decision will determine the continuance of its jurisdiction," increased scrutiny is appropriate.  Hensgens, 833 F.2d at 1182.

---

[5]Plaintiff's Reply, Docket Entry No. 8, pp. 4-5.

The Fifth Circuit has provided district courts determining the propriety of joinder and remand a nonexhaustive list of factors to consider: (1) whether the primary purpose of joinder is to defeat federal jurisdiction; (2) whether the plaintiff has diligently requested the addition of a party; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) "any other factors bearing on the equities." <u>Id.</u> The Fifth Circuit recognized the competing interests of preventing parallel state and federal litigation and of allowing diverse defendants to retain the federal forum. <u>Id.</u> Taking into account the relevant factors, "[t]he district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted." <u>Id.</u> If so, it then must remand to the state court. <u>Id.</u>

Beyond the <u>Hensgens</u> factors is the concern of fraudulent joinder. "Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003) (citing <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 698 (5th Cir. 1999)). To show fraudulent joinder, a defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant." <u>Smallwood v. Illinois</u> <u>Central Railroad Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004). Simply pointing to the plaintiff's lack of evidence while discovery is ongoing is insufficient. <u>Irby</u>, 326 F.3d at 650-51 (5th Cir. 2003). Because the <u>Hensgens</u> factor of the primary purpose of joinder encompasses the issue of the validity of claims against nondiverse defendants joined after removal, the court will conduct the relevant analyses in logical order below.

### III. <u>Analysis</u>

Hydrokinetics argues that it was not aware of Hydrochem's involvement in French's alleged breach of the Agreement at the time Hydrokinetics filed its Original Petition. Defendants argue that Hydrochem was fraudulently joined. The court will first consider each of the four <u>Hensgens</u> factors in turn and then address Defendants' fraudulent joinder argument.

### A. The <u>Hensgens</u> Factors

Hydrokinetics argues in its Reply that the <u>Hensgens</u> factors favor joinder and remand. Because Defendants declined to address these factors, the court considers Hydrokinetics' arguments without the benefit of input from Defendants.

### 1. <u>Determining the Purpose of Hydrokinetics' Joinder</u>

In determining the purpose of a plaintiff's proposed amendment to join a nondiverse defendant, district courts in the Fifth

Circuit consider whether prior to removal the plaintiff knew or
should have known of the nondiverse defendant's identity and
activities, <u>Martinez v. Holzknecht</u>, 701 F. Supp. 2d 886, 889 (S.D.
Tex. 2010), and whether the plaintiff has a viable cause of action
against the nondiverse defendant, see <u>Holstine v. DaimlerChrysler
Corp.</u>, Civil Action No. L-06-53, 2007 WL 4611914, at *2 (S.D. Tex.
Dec. 12, 2007) (citing <u>Tillman v. CSX Transp., Inc.</u>, 929 F.2d 1023,
1029 (5th Cir. 1991)).

Although Hydrokinetics concedes that it knew of Hydrochem's
employment of French, it argues that it did not know of Hydrochem's
involvement in, and planned continuation of, French's alleged
violations of the Agreement.[6]    Hydrokinetics' discovery of
Hydrochem's activities during the post-removal deposition of French
supports Hydrokinetics' position that joinder was not solely to
defeat diversity.

The court next turns to the question of the viability of
Hydrokinetics' claims.  Because Hydrokinetics needs only one viable
claim, the court looks first to whether the facts alleged support
a claim of tortious interference with an existing contract against
Hydrochem.  The elements of this claim are:  (1) the existence of
a valid contract; (2) the defendant willfully and intentionally
interfered with the contract; (3) the interference proximately
caused the plaintiff injury; and (4) the plaintiff incurred actual

---

[6]Plaintiff's Reply, Docket Entry No. 8, p. 6.

damage or loss.  <u>Butnaru v. Ford Motor Co.</u>, 84 S.W.3d 198, 207 (Tex. 2002).  Hydrokinetics alleges in its Amended Complaint that the Agreement between Hydrokinetics and French is an existing, valid contract.[7]  Hydrokinetics also alleges that by "allowing French to solicit work, provide services to, and/or engage in business discussions with Hydrokinetics customers in violation of the Agreement," Hydrochem has willfully and intentionally interfered with the contract.[8]  Finally, Hydrokinetics alleges that Hydrochem, by its actions, has caused French to breach the agreement.[9]

At this early stage of the action, Hydrokinetics is not required to prove its entire case.  Hydrokinetics need only plead facts that, if true, would provide a reasonable basis for the court to predict that Hydrokinetics might be able to recover against Hydrochem.  The court concludes that Hydrokinetics has done so and that Hydrochem was not joined solely for the purpose of defeating diversity.

2.  <u>Hydrokinetics' Diligence in Filing an Amendment</u>

The court next considers whether Hydrokinetics has been dilatory in seeking amendment.  A plaintiff is generally not dilatory in seeking to amend a complaint when no scheduling order

---

[7]Plaintiff's Amended Complaint, Docket Entry No. 2, p. 9.

[8]<u>Id.</u>

[9]<u>Id.</u> at 7-8.

has been entered and no significant activity beyond the pleading stage has occurred.  <u>Akbani v. TRC Engineers, Inc.</u>, Civil Action No. 3:09-cv-1154-M, 2009 WL 2614473, at *3 (N.D. Tex. Aug. 25, 2009).  That general rule applies in this case, where no scheduling order has been entered and little activity has occurred beyond the pleading stage.  Moreover, from the time the action was filed in State Court to the time Hydrokinetics joined Hydrochem was less than two weeks.  Hydrokinetics joined Hydrochem on the third business day after removal.  Hydrokinetics diligently filed its Amended Complaint.

### 3. <u>Hydrokinetics' Injury if the Amendment is Not Allowed</u>

If Hydrochem were not allowed to be joined, Hydrokinetics would be forced to pursue its claims in a parallel proceeding in state court.  "[T]he danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" is a primary concern cited by the court in <u>Hensgens</u>.  833 F.2d at 1182 (5th Cir. 1987).  Hydrokinetics would be exposed to significant actual and potential injury if forced to litigate parallel actions.  And absent any argument regarding Hydrochem's competing interest in retaining the federal forum, the court concludes that this factor weighs in Hydrokinetics' favor.

### 4. <u>Other Equitable Factors</u>

Hydrokinetics' arguments regarding this factor largely repeat the arguments from the third factor.  But the court notes that French's quick removal of this action before Hydrokinetics could

even depose him further shifts equities in favor of joinder.
Hydrokinetics' interest in halting French's alleged violations
combined with the rapid sequence of events following the initiation
of this action weigh in favor of permitting Hydrokinetics to join
parties against which it may not have initially made any claims.

## B.   Fraudulent Joinder

Defendants declined to follow the court's guidance by
discussing the Hensgens factors and instead framed their response
to Hydrokinetics' motion to remand as an argument for fraudulent
joinder.[10]   Defendants do not argue actual fraud, instead focusing
their arguments against the validity of Hydrokinetics' claims.[11]
The court has already explained that Hydrokinetics has at least one
potentially valid claim.   But the court will briefly respond to
Hydrochem's three main arguments for fraudulent joinder.   First,
Hydrochem argues that Hydrokinetics has no evidence that French
breached the Agreement.[12]   As stated above in Section II, simply
pointing to a plaintiff's lack of evidence while discovery is
ongoing is insufficient to establish fraudulent joinder.   Next,
Hydrochem argues that Oklahoma law should be applied and that the
Agreement is invalid under Oklahoma law.[13]   The court is neither

---

[10]See Defendants' Response to Plaintiff's Motion to Remand
("Defendants' Response"), Docket Entry No. 7, p. 1.

[11]Id. at 3.

[12]Id. at 5.

[13]Id. at 6-9.

convinced that taking up the issue of choice of law is appropriate under the circumstances nor that Oklahoma law would be controlling. Finally, Hydrochem argues that the Agreement is unenforceable as written even under Texas law.[14]  That issue is beyond the scope of the present analysis regarding joinder and remand and will be left for the State Court to address once the parties have fully briefed the relevant issues.

## IV.   Conclusion and Order

For the reasons explained above, the court concludes that Hydrokinetics has established that it is entitled to join a new, nondiverse defendant to this action.  Because Hydrokinetics has done so in its Amended Complaint, the court lacks subject-matter jurisdiction over this action.  Accordingly, Plaintiff Hydrokinetics, LLC's Motion to Remand (Docket Entry No. 3) is **GRANTED**.  This action is **REMANDED** to the 55th Judicial District Court of Harris County, Texas.  The Clerk will promptly provide a copy of this Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 17th day of February, 2017.

 

 

 

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[14]Id. at 10-11.